# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Commscope Technologies LLC,             Civ. No. 17-307 (PJS/BRT)

           Plaintiff,

v.

           **ORDER**

Clearfield, Inc.

           Defendant.

---

Caroline Marsili, Esq., John M. Zwier, Esq., Joseph W. Winkels, Esq., Matthew J. Goggin, Esq., Philip P. Caspers, Esq., Samuel A. Hamer, Esq., and Timothy A. Lindquist, Esq., Carlson Caspers Vanderburgh Lindquist & Schuman PA, counsel for Plaintiff.

Alison L. McCarthy, Esq., Caleb Harmon Hogan, Esq., David Michael Magee, Esq., and William D. Belanger, Esq., Pepper Hamilton LLP; and Mark R. Privratsky, Esq., Lindquist & Vennum LLP counsel for Defendants.

---

This matter is before the Court on Plaintiff CommScope Technologies LLC's ("CommScope") Motion to Compel Discovery (Doc. No. 32), and Defendant Clearfield, Inc.'s ("Clearfield") Motion to Compel (Doc. No. 38). The Court held a hearing on the motions on October 19, 2017, at which the parties were represented by counsel.

Federal Rule of Civil Procedure 26 governs discovery in federal court. Fed. R. Civ. P. 26(b)(1). Discovery under the Federal Rules of Civil Procedure, however, is not without bounds even if relevance is shown. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court has reviewed each discovery request at issue and considered both the relevance and proportionality of the discovery sought. Based on the Court's consideration, and the file, submissions, and proceedings herein, the Court makes the following ruling.

**ORDER**

**IT IS HEREBY ORDERED** that:

1.  **Plaintiff CommScope's Motion to Compel Discovery** (Doc. No. 32) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  Interrogatory No. 10 states:

    *If there are any companies other than Clearfield, Inc., currently or formerly involved in the sale, offering for sale, manufacture, distribution, importation, or development of the Accused Products, identify all such companies and explain the*

*role of each such company relative to selling, offering for sale, manufacturing, distributing, importing, and/or developing the Accused Products.*

Interrogatory No. 13 states:

*Describe each step involved in the manufacturing and distribution chain for the Accused Products, including any acquiring, making, testing, packaging, importing, exporting, selling, buying, or otherwise sourcing or distributing any starting materials, intermediate components, Accused Product components, or Accused Products (including each product Clearfield identified or subsequently identifies in response to Interrogatory No. 1). Your description should generally describe each step and provide the name of the step (if any), the location where the step occurs, the entities involved in that step, any transfer-of-title that occurs at that step, any contracts relevant to the actions taken at that step, and the individuals involved in the step.*

Regarding Interrogatory Nos. 10 and 13, the motion is **DENIED** because, as drafted, they are overbroad and not proportional to the needs of the case. This Order does not preclude Plaintiff from serving a more tailored interrogatory for relevant and proportional information, subject to written discovery limitations.

b.  Document Request No. 19 states:

*All Documents relating to any Communications with any customer or potential customer concerning any of the Accused Products, a competitor's products, or CommScope's Patents-in-Suit.*

Document Request No. 27 states:

*Documents sufficient to identify all customers for each of the Accused Products.*

Regarding Document Request Nos. 19 and 27, the motion is **DENIED** because, as drafted they are overbroad and not proportional to the needs of the case. Further, as drafted, the interrogatories seek information that is not relevant or sufficiently relevant to justify the burden of responding.

      c.      Interrogatory No. 1 states:

*Identify each and every version, model, and/or size of each Accused Product, and all products having a similar design, use, or functionality to any Accused Product, including but not limited to the products identified in Request for Inspection No. 1, that You have made, used, sold or offered for sale anytime within the 6 years prior to the filing of the Complaint in this Action.*

Regarding Interrogatory No. 1, the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (i)    The motion is **GRANTED** to the extent that Defendant must identify every version and model of each accused product. Defendant must also confirm that it has produced technical specification sheets for all of the products identified in the request for inspection. To the extent specification sheets have been produced responsive to this request, Defendant must supplement its response to identify the Bates numbers corresponding to the specification sheets.

    (ii)    Plaintiffs' request for further narrative responses to the interrogatory is **DENIED** as vague, ambiguous and overly broad. Further, the burden of a response is also not proportional to the needs of the case.

    (iii)    Nothing, other than the written discovery limitations, precludes Plaintiff from serving additional written discovery seeking information regarding specific products that Plaintiff believes may be similar to the accused products.

2. **Defendant Clearfield, Inc.'s Motion to Compel** (Doc. No. 38) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Interrogatory No. 1 states:

*For each claim of the Asserted Patents, describe in detail all facts and circumstances relating to the conception or reduction to practice of the claimed invention, including but not limited to the date(s) that you contend the conception and reduction to practice occurred, a description of all activities that led to or were involved in conception, reduction to practice, or diligence, the persons involved, the contributions of each such person, the location of all such contributions, and all Documents and Things that relate to any of the foregoing.*

Regarding Interrogatory No. 1, the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (i) The motion is **GRANTED** to the extent that Plaintiff must produce the documents that support its current response to Interrogatory No. 1 and identify them by Bates number in a supplemental response. Plaintiff must also supplement its response no later than **14 days** after it reduces the number of asserted claims per this Court's Amended Scheduling Order. Plaintiff's supplemental response must address each of the asserted claims regarding "the date(s) that you contend the conception and reduction to practice occurred, a description of all activities that led to or were involved in conception, reduction to practice, or diligence, the persons involved."

    (ii) The motion is otherwise **DENIED**.

5

  b.  Interrogatory No. 2 states:

*Identify all Documents and Things known to You or the Named Inventor of an Asserted Patent that may constitute Prior Art to claim of the Asserted Patents that was not cited in the prosecution of the Asserted Patents, including all patents, printed publications, sales, offers for sale, or inventions known to You or disclosed to You by any Third Party, and for each such item of Prior Art, Identify the date You first became aware of that Prior Art, the circumstances under which You became aware of that Prior Art, and the identity of all Persons by or through whom You became aware of the Prior Art.*

Regarding Interrogatory No. 2, the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

  (i)  The motion is **GRANTED** to the extent that Plaintiff must provide Defendant with a copy of existing lists of prior art, including lists from the related patent applications. Further, if Plaintiff is aware of any additional prior art not cited in the prosecution of the asserted patents and not on any of the lists above, Plaintiff must produce copies and identify such prior art by Bates number in a supplemental response.

  (ii)  The motion is otherwise **DENIED**. Plaintiff is not required to "Identify the date You first became aware of that Prior Art, the circumstances under which You became aware of that Prior Art, and the identity of all Persons by or through whom You became aware of the Prior Art" because this part of the interrogatory is unduly burdensome.

  (iii)  Nothing in this Order precludes Defendant from seeking additional relevant and proportional discovery regarding Plaintiff's knowledge about specific prior art references.

  c. Interrogatory No. 3 states:

*Identify and describe in detail all licenses, sublicenses, contracts, settlements or other agreements, whether or not accepted or executed, and any negotiations or discussions relating thereto, that grant, assign, transfer, or otherwise convey any rights, permissions, or privileges under or relating to the Asserted Patents or Related Patents, including, but not limited to, the identity of the parties, the identity of any licensee covered, the date of the agreement, the terms and conditions of the agreement, and each person with knowledge relating to any such agreement.*

  Interrogatory No. 4 states:

*Describe in detail all financial, contractual, investment, or ownership interests in or related to any of the Asserted Patents or Related Patents, including but not limited to any interest of Yours, the Named Investors, licensees, investors, or funders in the Asserted Patents or Related Patents or in any royalties, payments, licensing revenue, settlements, or other revenues derived from or relating to the Asserted Patents or Related Patents, including an identification of all Persons with knowledge of any of the foregoing, and an identification of all Documents, or Things relating to any of the foregoing.*

  *Interrogatory No*. 5 states:

*Describe in detail all grants, revenues, fees, license payments, royalties, monies, funds, or other value received under or relating to, and all payments or other transfers of value made to others under or relating to, the Asserted Patents or Related Patents, including an identification of all Persons from whom any such value was received, an identification of all Persons to whom any such value was transferred, and all Documents and Things relating to any of the foregoing.*

  Regarding Interrogatory Nos. 3, 4, and 5 the motion is **DENIED** as overbroad and because providing a narrative in response to these interrogatories would be unduly burdensome. The Court notes that document requests and depositions are more likely the better discovery tool to seek this information.

  d. Interrogatory No. 8 states:

*For each product that CommScope, or any licensee of CommScope, marks or has marked with the Asserted Patents, identify the date on which marking began, what*

7

*efforts were made to ensure compliance by the licensee with the marking requirements, the claims of the Asserted Patents that allegedly cover the product, and the names of all individuals who were involved in the decision to mark the products.*

Regarding Interrogatory No. 8, the motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

  (i)  To the extent the interrogatory seeks information about "the names of all individuals who were involved in the decision to mark the products" the motion is **DENIED** as overbroad and not proportional to the needs of the case.

  (ii)  The motion with respect to this request is otherwise **GRANTED**.

 e. Interrogatory No. 9 states:

*Identify each instance in which CommScope has alleged that any person has infringed one or more claims of the Asserted Patents or any Related Patent and describe in detail the circumstances relating to each such allegation, including the identity of the person alleged to be infringing, the product or methods alleged to infringe, the date the allegation was made, all communications relating to the allegation (including any subsequent communications) and the names of all individuals with knowledge regarding the allegations or any subsequent actions taken with respect to the allegation of infringement.*

Regarding Interrogatory No. 9, the motion is **DENIED WITHOUT PREJUDICE** to refiling after asserted claims are reduced per this Court's Amended Scheduling Order and a more tailored request is made.

 f. Interrogatory No. 10 states:

*State all facts relating to CommScope's first awareness of potential or alleged infringement by Clearfield, including, but not limited to, the date CommScope first became aware of potential or alleged infringement, how CommScope learned of or*

*discovered the potential or alleged infringement, the actions CommScope took after gaining such knowledge, and the identity of the people and/or entities that CommScope communicated with regarding the potential or alleged infringement.*

Regarding Interrogatory No. 10, the motion is **GRANTED** to the extent that Plaintiff must supplement its response with information reasonably available to it that is responsive to this interrogatory, including information in its knowledge and control relating to when its predecessors in interest first became aware of Clearfield's alleged or potential infringement.

      g.      Interrogatory No. 13 states:

*Describe in detail the complete factual basis and Identify all evidence in support thereof for any assertion by CommScope that any alleged infringement of the Asserted Patents by Clearfield has been or is willful, including any identification of any notice provided by CommScope, or any inventor of the Asserted Patents, to Clearfield regarding the Asserted Patents or any alleged infringement thereof, and all Documents or Things relating to any of the foregoing.*

Regarding Interrogatory No. 13, the motion is **GRANTED**.

3.      For those requests that are denied, nothing in this Order precludes the parties from serving new requests that are better tailored to seeking relevant and proportional information from the other party before the close of discovery.

4.      To the extent any party wishes to serve new written discovery requests in response to this Order, such requests must be served no later than **November 30, 2017**.

5.      All discovery ordered produced subject to this Order on the parties' motions to compel must be produced no later than **November 13, 2017**, except for Plaintiff's response to Interrogatory No. 1 explained above.

Date: October 26, 2017               *s/ Becky R. Thorson*
                                                         BECKY R. THORSON
                                                         United States Magistrate Judge